Citation Nr: 1722217 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 12-11 219 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for obstructive sleep apnea.


REPRESENTATION

Appellant represented by: Illinois Department of Veterans Affairs


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Erin J. Carroll, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1980 to May 1981, February 2002 to July 2002, and May 2007 to June 2007, with additional periods of service in the National Guard.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision by the Chicago, Illinois Department of Veterans Affairs (VA) Regional Office (RO). 

In September 2015, the Veteran testified at a hearing before the undersigned Veterans Law Judge. A copy of the hearing transcript has been associated with the claims file.

In February 2016, the Board remanded the case for further development, to include obtaining a VA medical opinion.

When this appeal was before the Board most recently, in February 2016, the issue of entitlement to service connection for tinnitus was also certified. The Board remanded the issue in March 2016. In a June 2016 rating decision, the RO granted service connection for tinnitus. Therefore, that issue is no longer before the Board.


FINDINGS OF FACT

The Veteran has obstructive sleep apnea that began in service.


CONCLUSION OF LAW

The criteria for entitlement to service connection for obstructive sleep apnea have been met. 38 U.S.C.A. §§ 1110, 1131, 5107(b) (West 2014); 38 C.F.R. § 3.303 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred or aggravated in active military service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (a) (2016). 
 
Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of matter, the benefit of the doubt will be given to the Veteran. 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102.

Additionally, where symptoms are capable of lay observation, a lay witness is competent to testify to a lack of symptoms prior to service, continuity of symptoms after in-service injury or disease, and receipt of medical treatment for such symptoms. Charles v. Principi, 16 Vet. App 370, 374 (2002). 

After a December 2007 sleep study; and as noted in the February 2010 VA examination; the Veteran was diagnosed with moderate obstructive sleep apnea. Thus, the first element of direct service connection is met.

Next, under Shedden, the Veteran must have had an in-service injury or event. At the September 2015 hearing, the Veteran testified that he experienced symptoms of sleep apnea, including difficulty breathing while asleep, during his deployment to Turkey. 

Lastly, the record must show a nexus between the claimed in-service injury and the current disorder.

A September 2007 private treatment record noted the Veteran's reports of loud snoring and daytime fatigue. He also stated that his family members observed long pauses in his breathing during the night. A December 2007 sleep study confirmed a diagnosis of moderate obstructive sleep apnea. 

Private treatment records from January and July 2009 document the Veteran's reports of restless sleep, as well as an episode of breathlessness during the night. Dr. G. R. opined that, due to the severity of his obstructive sleep apnea, the Veteran would be unable to deploy to an environment where he would be unable to use his CPAP machine.

Service treatment records from January 2009 documented the Veteran's 2007 diagnosis of sleep apnea, as well as symptoms of choking and prolonged apnea for two weeks. 

In February 2010, the Veteran underwent a VA examination for sleep apnea. He reported difficulty sleeping due to breathing challenges. The examiner diagnosed moderate obstructive sleep apnea, but did not provide a nexus opinion. 

In April 2010, Dr. G. R. provided an opinion, in which he noted the Veteran's reports of symptoms were consistent with sleep apnea. He opined that, even though the diagnosis of obstructive sleep apnea was not formally provided until late 2007, it was highly likely that the Veteran had the disability for an extensive period of time prior to seeking treatment. 

Additionally, the Veteran and his wife each submitted statements in April 2010. He stated that he had fallen asleep on a transport plane during his final deployment and woke up gasping for air. His wife reported that the Veteran had struggled to breathe at night for the past nine years. They both noted that he had been a restless sleeper for about 10 years.

As noted above, in June 2014, the Veteran submitted a statement from another Veteran that supported his reports of experiencing sleep apnea symptoms while deployed. The statement further noted that the Veteran demonstrated constant fatigue during service.

At the September 2015 hearing, the Veteran testified that his sleep apnea symptoms first began on deployment in 2002. He described repeatedly waking up and gasping for air in the middle of the night during active duty. He explained that he elected not to undergo a sleep study because he was concerned about having a diagnosis included in his records. However, the Veteran stated that his symptoms became severe after his final deployment to Antarctica, which forced him to undergo testing. The December 2007 sleep study revealed that his sleep apnea was so severe that he could no longer deploy and, as a result, he was required to retire from service. 

In February 2016, Dr. G. R. again submitted an opinion that it was highly likely that the Veteran had obstructive sleep apnea while in the military for an extensive period of time prior to seeking treatment. 

In the June 2016 VA opinion, the examiner opined that it was less likely than not that the Veteran's sleep apnea was aggravated beyond natural progression in-service. She reasoned that the Veteran was able to function during service and that there was no documentation of sleep apnea symptoms during service. She also explained that the service treatment records did not reveal any impairment or disability during activity duty. The examiner did not provide an opinion regarding direct causation and required, contrary to applicable case law, that there be documentation of the competent lay evidence. Thus, the opinion is inadequate and it is afforded little probative weight.

An April 2017 private treatment record documented Dr. D. C.'s opinion that the Veteran's deployment overseas to the Middle East "may have contributed to his current medical diagnoses." 

This record clearly shows a current disability and symptoms during periods of qualifying service. The evidence is less clear as to whether the disability had its onset in qualifying service; but the Veteran's reports that the symptoms began during the 2002 deployment are competent and credible. 

Although the June 2016 examiner opined that the Veteran's obstructive sleep apnea was not aggravated in service, she did not address direct causation. Further, the Veteran has submitted opinions from two private treatment providers that are consistent with the onset of sleep apnea in active duty service.

Following its review of all of the evidence, and resolving all doubt in favor of the Veteran, the Board finds that service connection for obstructive sleep apnea is warranted. Therefore, the Board has not found the June 2016 opinion to be persuasive and does not find it to outweigh the credible lay evidence and private medical opinions of record. 

The evidence is at least in equipoise and, therefore, applying the benefit-of-the-doubt doctrine, service connection for obstructive sleep apnea is warranted. See 38 U.S.C.A. § 5107 (b); 38 C.F.R. § 3.102. 


ORDER

Entitlement to service connection for obstructive sleep apnea is granted.



____________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs